**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:19-cr-10459-RWZ-37 |
| ) | |
| LUIS MENDEZ ) | |
| ) | |

**MOTION FOR REVIEW OF DETENTION ORDER BY DISTRICT JUDGE**

Pursuant to 18 U.S.C. §3145(b), Luis Mendez moves that the District Court review the order of detention entered by the Magistrate Judge. Mendez disputes the Magistrate Judge's findings that he is a flight risk and that no conditions of release will reasonably assure the safety of the community. Mendez has a documented history of asthma and is therefore at heightened risk of serious illness and death in light of the ongoing COVID-19 pandemic. The risk is particularly acute at the present time, given that Mendez is detained at the Donald W. Wyatt Detention Center, which is presently experiencing a prolific outbreak of COVID-19.[1] In light of the foregoing, Mendez maintains that the following conditions would be sufficient to mitigate any risk of non-appearance or danger:

- Reside with sister Sherry Trinidad in New Bedford;
- Home detention to be enforced by electronic monitoring;
- Seek/maintain employment;
- Abstinence from drug use, to be monitored through regular testing;
- No contact with codefendants or other Latin Kings members.

---

[1] The U.S. Marshals reported that, as of June 5, 2020, 53 detainees at the Wyatt Detention Center have tested positive for COVID-19. Of those, 25 cases were active.

A prompt hearing on this motion is requested. Moreover, because the Court has yet to resolve his objection to the delay in affording him a speedy trial, Mendez requests a further hearing as to that issue together with the Court's review of the detention order. See Dkt #886.

## PROCEDURAL HISTORY

Luis Mendez made his initial appearance as to this indictment on January 31, 2020, at which time the he consented to an order of voluntary detention without prejudice.[2] Dkt. #423. On May 11, 2020, he sought a detention hearing. On May 20, 2020, a detention hearing took place via videoconference before Magistrate Judge Bowler. Dkt. #919. At the conclusion of the hearing, Magistrate Judge Bowler entered findings that Mendez constituted a flight risk and a danger to the community. She took under advisement so much of Mendez's argument for release as pertained to the COVID-19 pandemic and granted leave for him to submit medical records relating to his medical condition. Dkt. #914. On June 1, 2020, Mendez moved for a ruling as to the issue of his detention. Dkt. #950. One June 3, 2020, Magistrate Judge Bowler entered an electronic order denying Mendez's motion for release, finding "that the defendants medical condition and possible increased risks if he contracts COVID-19 do not outweigh the danger posed by the defendant's close association and involvement with the Latin Kings' criminal activities." Dkt. #961.

## THE CHARGES & EVIDENCE AGAINST MENDEZ

---

[2] However, Mendez has been in continuous custody on conduct related to this indictment since February 7, 2019, when he was arrested on drug charges in New Bedford; these charges were ultimately adopted by the U.S. Attorney's Office and charged in *United States v. Luis Mendez*, 19-cr-10178. That case was dismissed at the request of U.S. Attorney's Office following the unsealing of the instant indictment.

Mendez is charged with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d). The government has identified several incidents as establishing Mendez's participation in the charged conspiracy. Although the government characterizes the weight of the evidence against him as supporting his detention, Mendez suggests that a careful review of the evidence is hardly conclusive.

One such incident cited by the government involves a shooting in New Bedford on May 29, 2018, where Mendez and several alleged to have approached a vehicle and attacked it. Mendez can be seen, unarmed, kicking the vehicle's fender. Some time after Mendez and the others have approached the car, another individual approaches and begins shooting. In the surveillance video capturing this incident, Mendez appears to be startled by the gunshots. There does not appear to be evidence that the shooting was planned or that Mendez had knowledge that another party was armed. The government also makes much of a recorded phone call in which Mendez discusses the shooting and his supposed efforts to dissuade the victims from testifying. However, undersigned counsel's review of the discovery thus far has not yielded any independent corroboration of Mendez's claim and suggests that they may have been mere puffery.

In opposing Mendez's release, the government also elaborates on Mendez's February 7, 2019 arrest following the recovery of cocaine and marijuana in a safe during the execution of a search warrant at 239 Sawyer Street. At the time of his arrest, Mendez stated that the safe and its contents belonged to "Royalty."[3] The government then claims that in phone calls made following his arrest on February 7, 2019, Mendez tries to arrange for "Royalty" to take

---

[3] "Royalty" has been identified as codefendant Roberto Vargas.

responsibility for the seized drugs.  The government's argument presumes that the drugs were in fact Mendez's and that his recorded comments were an attempt to obstruct justice.  However, substantial evidence indicates that what was seized did in fact belong to Royalty.  A fingerprint was recovered from the safe where the seized drugs were; the defense expects to offer fingerprint belongs to a woman who was romantically involved with "Royalty."

## ARGUMENT

18 U.S.C. 3145(b) explicitly provides for the review of detention orders by the District Court.  This avenue of relief safeguards the liberty interests of individuals who are presumed to be innocent of the crimes with which they are accused.  "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  "In reviewing the magistrate judge's detention orders, the court must undertake an independent review, giving her decision such deference as the care and consideration of the magistrate judge warrant."  *United States v. Simone*, 317 F.Supp.2d 38, 42 (D.Mass. 2004) (internal citations omitted).

Here, although the Magistrate Judge found that Mendez has been treated for asthma in the past, she concluded that his "medical condition and possible increased risks if he contracts COVID-19 do not outweigh the danger posed by the defendant's close association and involvement with the Latin Kings' criminal activities." Dkt. #961.  Mendez submits that his asthma history, coupled with the deterioration in conditions at the Wyatt Detention Center, is of sufficient gravity to warrant a different conclusion.  To the extent that his release might otherwise pose a danger to the community or a risk of flight, those risks can be addressed with the onerous conditions of supervision proposed.  Mendez is proposing that he be released to live

under conditions of home confinement, to be enforced via electronic monitoring. Mendez's past association with the Latin Kings, cited by the Magistrate Judge in the detention order, can also be mitigated by releasing him to live with a close family member without any such affiliation and a no-contact order with Latin Kings members or associates. Under the conditions outlined herein, Mendez submits that release is appropriate, at least temporarily until the risks posed by COVID-19 have sufficiently abated.

## CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. §3145(b), Luis Mendez respectfully requests that the Court review and revoke the Magistrate Judge's order of detention, and enter an order releasing him on the conditions proposed herein, or such other conditions as the Court deems appropriate.

> Respectfully submitted,
> LUIS MENDEZ
> by his attorney
> */s/ Scott Lauer*
> Scott Lauer (BBO #667807)
> FEDERAL PUBLIC DEFENDER OFFICE
> 51 Sleeper Street, 5th Floor
> Boston, MA 02210
> 617-223-8061 (phone)
> 617-223-8080 (fax)
> Scott_Lauer@fd.org

**Certificate of Service**

I, Scott Lauer, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: June 11, 2020                */s/ Scott Lauer*
                                   Scott Lauer