UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 19-CV-10459-RWZ


UNITED STATES

v.

LUIS MENDEZ


ORDER

August 11, 2020

ZOBEL, S.D.J.

Luis Mendez is charged with one count of conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  The government moved for detention on four grounds pursuant to 18 U.S.C. § 3142(f).[1]  The Magistrate Judge held a detention hearing on May 20, 2020 and subsequently denied defendant's release.   Mr. Mendez appealed that order pursuant to 18 U.S.C. § 3145(b).

The review of a Magistrate Judge's detention decision is *de novo*.  See United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir.1990).  "If . . . no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the court] shall order the detention of the person before trial."  18 U.S.C. § 3142(e).  "Generally, it is the

---

[1] Those grounds are: a) 18 U.S.C. § 3142(f)(1)(D) because the defendant is charged with a felony and has been convicted of two offenses described within 18 U.S.C. §§ 3142(f)(1)(A)-(C); b) 18 U.S.C. § 3142(f)(1)(E) because he is charged with a felony that involves the possession or use of a firearm; c) 18 U.S.C. § 3142(f)(2)(A) because there is a serious risk defendant will flee; and d) 18 U.S.C. § 3142(f)(2)(B), because defendant presents a serious risk of obstruction of justice and witness intimidation.

government's burden to persuade the court that pretrial detention is warranted." <u>United States v. Riley</u>, 322 F. Supp. 3d 242, 243 (D. Mass. 2018).  And it must prove that no condition or combination of conditions will reasonably assure the safety of the community by clear and convincing evidence.  <u>See</u> 18 U.S.C. § 3142(f)(2).  Further, because the defendant has been convicted within the last five years of a state offense equivalent to one under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, with a maximum punishment of ten years or more and he committed that offense while on pretrial release, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. <u>See</u> 18 U.S.C. § 3142(e)(2).

The review of the detention order requires examination of the factors laid out in 18 U.S.C. § 3142(g): the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; defendant's history and characteristics; and the nature and seriousness of the danger that defendant's release would pose to any other person or the community.

I have examined the evidence presented at the Magistrate Judge's hearing, which consisted of an affidavit by a Special Agent of the Federal Bureau of Investigation; various police reports; a video of defendant participating in an assault that led to a shooting; a recording and transcript of defendant's phone call with another alleged gang member about dissuading those victims from testifying; and a transcript of a different call in which defendant describes prodding a fellow alleged gang member to claim ownership of drugs that Mr. Mendez has been charged in state court with

possessing.  The government also submitted to this court a video of a beating at which defendant was present.

The most troubling of Mr. Mendez's alleged activities occurred in New Bedford, Massachusetts on May 29, 2018, when he and three other men surrounded a car and slashed its tires, shortly after which a fifth man shot at the car's occupants.  Even if defendant was unaware that a gun would be involved, as he argues, the incident is alarming.  This was not a fight between rival gangs; rather, the assailants were reportedly confronting one of the victims for objecting to the drug use and "issues in the neighborhood" caused by the Latin Kings gang.  Defendant was subsequently recorded telling the shooter that he had spoken to the victims and they were not going to testify, suggesting a willingness to intimidate witnesses.  Notably, all of this took place while defendant was on pretrial release for assault and assault and battery, both with a dangerous weapon, out of the New Bedford District Court.  See Commonwealth v. Mendez, No. 1833CR000653.

Defendant's extensive criminal history includes, among other convictions, assault and battery on a corrections officer, assault and battery with a dangerous weapon, assault and battery on a police officer, two violations of an abuse prevention order, possession to distribute, possession, conspiracy to violate the Controlled Substances Act, and distribution.  He has served numerous committed sentences ranging from six months to five years.

Given these facts, the defendant has not rebutted the presumption that no conditions will reasonably assure the safety of the community.  Even though defendant has asthma, any risk posed to him by the coronavirus pandemic is no greater at Wyatt

Detention Center[2] than at home and does not outweigh the risk he poses to the community.

Upon review of the evidence, defendant's motion for release (Docket # 987) is DENIED.

__August 11, 2020_____                     _____/s/ Rya W. Zobel_____
DATE                                                    RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE

---

[2] As of August 5, 2020, one detainee, out of 531, and two staff members tested positive for COVID-19 at Wyatt.